[Dkt. No. 19]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| REBECCA LEIGH DUGAN-HAND, as Administratrix of ESTATE OF ELIZABETH BAKER,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI GRIFFITH, M.D.; ATLANTICARE PHYSICIAN GROUP, P.A., t/d/b/a APG HOSPITALISTS – ATLANTIC CITY; SIDDHARTH BHIMANI, D.O.; ATLANTICARE REGIONAL MEDICAL CENTER, INC., t/d/b/a ATLANTICARE REGIONAL MEDICAL CENTER,<br><br>Defendants. | Civil No. 20-3075(RMB/JS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Defendants' Motion, styled "Motion to Dismiss for failure to provide affidavits of merit pursuant to N.J.S.A. 2A:53A-26 et seq." [Dkt. No. 19]

The Third Circuit has held that "the affidavit of merit is not a pleading requirement." Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 303 (3d Cir. 2012); see also Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000). "The requirement exists . . . so that 'malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings.'" Nuveen, 692

F.3d at 303 (quoting Chamberlain, 210 F.3d at 160).  The Third Circuit further instructed that "because the affidavit is not part of the pleadings, dismissing an action based on the lack of an affidavit necessarily seems to involve matters outside the pleadings, which would require a court to consider a motion to dismiss for failure to state a claim as a motion for summary judgment, as provided by Rule 12(d)." Nuveen, 692 F.3d at 303 n.13; see also Fed. R. Civ. P. 12(d)("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")  Inexplicably, Defendants did not seek summary judgment.  The Court, nonetheless, as required, will convert this motion to a motion for summary judgment under Rule 56.

Before the Court can convert the motion, however, "it must provide the parties 'reasonable opportunity' to present all material relevant to a summary judgment motion." In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287-88 (3d Cir. 1999) (quoting Fed. R. Civ. P. 12). The Third Circuit requires that the parties have "notice of the conversion," and that such notice "must be 'unambiguous' and must 'fairly apprise[]' the parties that the court intends to convert the motion." Id. at 288 (quoting Rose v. Bartle, 871 F.2d 331, 340, 341-42 (3d Cir. 1989)).  The notice period need not be

2

extensive. See id. (citing Jones v. Automobile Ins. Co., 917 F.2d 1528, 1532-33 (11th Cir. 1990) for a ten day period as an example).

For these reasons,

IT IS on this **9th** day of **December**, **2020**, hereby

**ORDERED** that the parties shall have **TEN (10) DAYS** to file any additional materials relevant to consideration of a Motion for Summary Judgment, after which time the Court intends to convert Defendants' Motion to Dismiss [Dkt. No. 19] to a Motion for Summary Judgment.

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              UNITED STATES DISTRICT JUDGE