[Dkt No. 24]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

REBECCA LEIGH DUGAN-HAND, as
Administratrix of ESTATE OF
ELIZABETH BAKER,

     Plaintiff,

          v.

HEIDI GRIFFITH, M.D.;
ATLANTICARE PHYSICIAN GROUP,
P.A., t/d/b/a APG HOSPITALISTS
– ATLANTIC CITY; SIDDHARTH
BHIMANI, D.O.; ATLANTICARE
REGIONAL MEDICAL CENTER, INC.,
t/d/b/a ATLANTICARE REGIONAL
MEDICAL CENTER,

     Defendants.

Civil No. 20-3075
(RMB/JS)

**OPINION**

**BUMB, UNITED STATES DISTRICT JUDGE:**

    This matter comes before the Court upon Defendants' Motion,
styled "Motion for Summary Judgment Supplemental Submission."
[Dkt. No. 24]  Defendants in this case are Heidi Griffith, M.D.;
Atlanticare Physician Group, P.A.; Siddharth Bhimani, D.O.; and
Atlanticare Regional Medical Center, Inc. ("Defendants").
Plaintiff Rebecca Dugan-Hand ("Plaintiff") has not filed
opposition to Defendant's Motion. Moreover, the ten-day period

1

to provide the Court with additional materials relevant to the consideration of a Motion for Summary Judgment expired as of December 19, 2020. [Dkt. No. 23]  Plaintiff has not provided the Court with any such materials. For the reasons set forth herein, Defendants' Motion for Summary Judgement will be granted, and Plaintiff's claims will be dismissed with prejudice.

**Facts**

Plaintiff Dugan-Hand, as administratrix of the estate of Elizabeth Baker, brings this suit against multiple Defendants. Plaintiff's Complaint brings forth claims of professional medical negligence against Defendants Griffith and Bhimani, and claims of vicarious liability against Defendants Atlanticare Physician Group, P.A. and Atlanticare Regional Medical Center, Inc.

Defendants filed a Motion to Dismiss for failure to provide affidavits of merit on September 16, 2020. [Dkt. No. 19]  The Court issued a Memorandum Order on December 9, 2020, instructing the parties to file any additional materials relevant to the consideration of a Motion for Summary Judgment within ten days of that date. [Dkt. No. 23]  As instructed by the Court, Defendant's Motion to Dismiss would then be converted to a Motion for Summary Judgment after the ten-day period. [Dkt. No. 23, pg. 3]  After the Court's Memorandum Order, Defendants

provided the Court with a Motion for Summary Judgment
Supplemental Submission on December 17, 2020. [Dkt. No. 24]  The
Court has not received any additional materials from Plaintiff,
to include affidavits of merit or opposition to Defendant's
Motion for Summary Judgment.

**Affidavit of Merit**

Pursuant to N.J.S.A. 2A:53A-26, *et seq.*, plaintiffs
bringing forth professional malpractice actions against
"licensed persons" must serve an expert's affidavit as to each
defendant, stating that the defendant probably deviated from the
applicable professional standard of care.

The Third Circuit has held that "the affidavit of merit is
not a pleading requirement." Nuveen Mun. Trust ex rel. Nuveen
High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d
283, 303 (3d Cir. 2012); see also Chamberlain v. Giampapa, 210
F.3d 154 (3d Cir. 2000).  "The requirement exists . . . so that
'malpractice claims for which there is no expert support will be
terminated at an early stage in the proceedings.'" Nuveen, 692
F.3d at 303 (quoting Chamberlain, 210 F.3d at 160).  The Third
Circuit further instructed that "because the affidavit is not
part of the pleadings, dismissing an action based on the lack of
an affidavit necessarily seems to involve matters outside the
pleadings, which would require a court to consider a motion to

3

dismiss for failure to state a claim as a motion for summary judgment, as provided by Rule 12(d)." <u>Nuveen</u>, 692 F.3d at 303 n.13; <u>see also</u> Fed. R. Civ. P. 12(d)("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")

Before the Court can convert a motion to dismiss into a motion for summary judgment under Rule 56, "it must provide the parties 'reasonable opportunity' to present all material relevant to a summary judgment motion." <u>In re Rockefeller Center Properties, Inc. Securities Litigation</u>, 184 F.3d 280, 287-88 (3d Cir. 1999) (quoting Fed. R. Civ. P. 12).  The Third Circuit requires that the parties have "notice of the conversion," and that such notice "must be 'unambiguous' and must 'fairly apprise[]' the parties that the court intends to convert the motion." <u>Id.</u> at 288 (quoting <u>Rose v. Bartle</u>, 871 F.2d 331, 340, 341-42 (3d Cir. 1989)).  The notice period need not be extensive. <u>See id.</u> (citing <u>Jones v. Automobile Ins. Co.</u>, 917 F.2d 1528, 1532-33 (11th Cir. 1990) for a ten-day period as an example.)

This Court provided the parties with a ten-day period, and Defendants filed a Motion for Summary Judgment Supplemental Submission [Dkt. No. 24] within this time frame per the Court's Memorandum Order. [Dkt. No. 23]  Thus, the Court will consider

4

Defendant's Motion for Summary Judgment in light of the facts presented.

**Summary Judgment Standard**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id. "[W]hen a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 250 (citing Fed. R. Civ. P. 56(e)). In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: he "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord., Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary

5

judgment.")).  Failure to sustain this burden will result in entry of judgment for the moving party.

The same basic legal analysis applies when a summary judgment motion is unopposed, <u>Anchorage Associates v. Virgin Islands Board of Tax Review</u>, 922 F.2d 168 (3d Cir. 1990), however, the material facts put forth by the movant are deemed undisputed pursuant to L. Civ. R. 56.1(a) ("any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").

## **<u>Analysis</u>**

Despite notice from the Court, Plaintiff has failed to provide any Affidavits of Merit as to the Defendants, failed to respond to the Court's Memorandum Order with any additional materials, and has failed to oppose Defendants' Motion for Summary Judgment. Plaintiff is far outside the 120-day time limit as afforded by the applicable statute. N.J.S.A. 2A:53A-27. Said statute directs the Court to add an additional period of up to 60 days for good cause to the initial period of 60 days for the Plaintiff to file an affidavit. These 120 total days have since passed, as have the ten-day period imposed by the Court's Memorandum Order on December 9, 2020. [Dkt. No. 23]  Plaintiff has not provided the Court with information of any circumstances that would necessitate or warrant an extension of time.

6

Plaintiff's failure to produce an Affidavit of Merit within this timeframe is considered a failure to state a cause of action requiring the dismissal of the Complaint with prejudice. N.J.S.A. 2A:53A-29; see also Cornblatt v. Barrow, 153 N.J. 218 (1998).  Even though Plaintiff is pro se, the Court cannot determine any exceptional circumstances to allow Plaintiff an extension to file Affidavits of Merit as Plaintiff has failed to provide the Court with any possible reasoning. Thus, Plaintiff's claims will be dismissed with prejudice.

**Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be **granted** and Plaintiff's Complaint will be dismissed **with prejudice.**  An appropriate Order shall issue on this date.

Dated: **January 14, 2021**

RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE